**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4809**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSE MORALES, a/k/a Joey,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:12-cr-00336-BO-4)

Submitted: July 18, 2014        Decided: July 29, 2014

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Morales pled guilty in accordance with a written plea agreement to conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(b) (2012), and possession of, and aiding and abetting the possession of, a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A) (2012). Morales was sentenced to eighty-seven months in prison for the conspiracy and sixty months, consecutive, for the firearm offense. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Morales was advised of his right to file a pro se supplemental brief but did not file such a brief. The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement. Morales opposes the motion.

The appeal waiver did not apply to Morales' convictions. Having reviewed the entire record, we hold that: the district court substantially complied with Fed. R. Crim. P. 11(b)(1); there was a factual basis for the plea; the plea was knowingly and voluntarily entered; and the plea agreement is valid and enforceable. Accordingly, we affirm the convictions.

In the plea agreement, Morales waived his right to appeal his sentence.[*] Upon review of the record, we conclude that the waiver is valid and enforceable. We further find that the issue Morales seeks to raise on appeal — whether the district court should have ruled on his objections to the presentence investigation report, which were withdrawn at sentencing — falls within the scope of the waiver. Accordingly, we grant the motion to dismiss the appeal insofar as it relates to sentencing.

Pursuant to <u>Anders</u>, we have reviewed the entire record for meritorious, nonwaivable issues and have found none. We therefore affirm in part and dismiss in part. This court requires that counsel inform Morales, in writing, of his right to petition the Supreme Court of the United State for further review. If Morales requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Morales. We dispense with

---

[*] Morales waived his right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable Guideline range that is established at sentencing." Morales was sentenced within the properly calculated range.

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>
